Defendant, James Wombold, II, appeals from the denial of his petition for post conviction relief.
On August 19, 1994, as part of a negotiated plea agreement, Defendant entered pleas of guilty to one count of attempted rape and one count of gross sexual imposition in exchange for the State's dismissal of other rape and gross sexual imposition charges. Defendant was sentenced by the trial court to six to fifteen years imprisonment on the attempted rape charge and one year on the gross sexual imposition, the sentences to be served concurrently. On February 16, 1996, this court affirmed Defendant's conviction and sentence on direct appeal. State v.Wombold (February 16, 1996), Montgomery App. No. 14873, unreported.
On May 1, 1996, Defendant filed a petition for post-conviction relief pursuant to R. C. 2953.21. As and for grounds for that relief, Defendant claimed that his attorney had repeatedly told him that if he accepted the State's plea offer he would receive probation. The trial court dismissed Defendant's petition without a hearing. Defendant timely appealed to this court. On June 20, 1997, this court reversed the decision of the trial court, in part, and remanded this case for a hearing on the issue of whether Defendant's counsel had promised him probation in exchange for his guilty pleas.State v. Wombold (June 20, 1997), Montgomery App. No. 16237, unreported.
On October 31, 1997, the trial court held an evidentiary hearing. Following that hearing, the trial court found that Defendant had not been promised probation. Accordingly, on April 21, 1998, the trial court again overruled Defendant's petition for post-conviction relief.
From the trial court's April 21, 1998 decision overruling his petition for post-conviction relief, Defendant has once again timely appealed to this court. Defendant presents five assignments of error for our review.
FIRST ASSIGNMENT OF ERROR
 THE COURT ERRED IN FAILING TO VOID THE PLEA FOR VIOLATION OF PETITIONER'S CONSTITUTIONAL RIGHT TO DUE PROCESS.
Defendant complains that the terms of his negotiated plea agreement were not recited into the record, as Crim.R. 11(F) requires. This issue could have been raised in Defendant's direct appeal from his conviction. Therefore, it is barred from Defendant's use as a ground for post-conviction relief by the doctrine of res judicata. State v. Perry (1967), 10 Ohio St.2d 175; State v. Szefcyk (1996), 77 Ohio St.3d 93.
Moreover, this issue was not within the scope of this court's remand order, which the trial court had no authority to extend or vary. Nolan v. Nolan (1984), 11 Ohio St.3d 1; Thomas v.Thomas (December 12, 1997), Greene App. No. 97-Ca-10, unreported.
Additionally, this claim was not asserted as a ground for post-conviction relief in Defendant's petition, and has never been raised in the trial court below. Ordinarily, an appellate court will not address issues raised for the first time on appeal which were not raised in the trial court below.State v. Williams (1977), 51 Ohio St.2d 112; State v. Long
(1977), 53 Ohio St.2d 91. This case presents no reason to vary from that rule.
Defendant's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 IT WAS ERROR FOR THE COURT TO DENY PETITIONER THE RIGHT TO CALL WITNESSES FOR A POST-CONVICTION EVIDENTIARY HEARING AND TO LIMIT SAID HEARING TO ONLY THOSE GROUNDS AND ISSUES UPON WHICH THE COURT OF APPEALS REVERSED AND REMANDED.
Defendant argues he was denied the opportunity to call witnesses concerning the trial court's participation in the plea negotiations and the effect that certain drugs had on him when he entered his guilty pleas.
Nothing in the record demonstrates that Defendant was prevented from calling witnesses, and Defendant has failed to proffer what any uncalled witnesses would have said had they testified. Thus, Defendant has failed to demonstrate prejudice. Further, the issue that Defendant states that he wished to explore through this proposed testimony was not within the scope of our remand order, which was limited to whether Defendant's counsel had promised him probation in order to induce Defendant's guilty pleas.
Defendant's post-conviction claim that his guilty pleas were not knowing, intelligent, and voluntary because he was under the influence of drugs when he entered his pleas was considered on the merits and rejected by this court in Defendant's first appeal from the denial of his post-conviction petition. Relitigation of that same issue is barred by res judicata.Grava v. Parkman Township (1995), 73 Ohio St.3d 379.
Defendant's second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
 IT WAS ERROR FOR THE COURT TO FAIL TO DETERMINE WHETHER OR NOT THE PETITIONER WAS UNDER THE INFLUENCE OF DRUGS AT THE TIME OF THE PLEA THAT WOULD HAVE AFFECTED HIS JUDGMENT WHEN SUCH POSSIBILITY WAS MADE KNOWN TO THE HEARING JUDGE, REGARDLESS OF THE SPECULATIONS OF THE COURT OF APPEALS.
This claim was previously raised, considered, and rejected by this court in Defendant's first appeal from the denial of his petition for post-conviction relief because it was not supported by evidence sufficient to warrant a hearing. See,State v. Wombold (June 20, 1997), Montgomery App. No. 16237, unreported. Therefore, it likewise is barred by the doctrine ofres judicata.
Moreover, this issue is not within the scope of our remand order, which was limited to determining whether Defendant's counsel induced his guilty pleas with promises of probation. A trial court has no authority to extend or vary the scope of an appellate court's remand order. Nolan v. Nolan, supra.
Defendant's third assignment of error is overruled.
FOURTH ASSIGNMENT OF ERROR
 IT WAS ERROR FOR THE COURT TO FAIL TO FIND THAT THE PLEA WAS MADE ON A PROMISE OF PROBATION WHICH PROMISE WAS NOT KEPT, SAID PLEA WAS NOT MADE WITH A COMPLETE KNOWLEDGE OF THE CONSEQUENCES OF HIS ACT AND THEREFORE VOID AND VOIDABLE UNDER OHIO LAW.
Defendant challenges as against the manifest weight of the evidence the trial court's finding that defense counsel did not promise Defendant probation in order to induce his guilty pleas. In support of this argument, Defendant points out that both he and his mother testified at the hearing that defense counsel promised that Defendant would get probation.
Post-conviction relief proceedings are civil in nature. Therefore, a trial court's decision is not against the manifest weight of the evidence when it is supported by some competent, credible evidence in the record. State v. Aldridge (March 14, 1997), Montgomery App. No. 15785, unreported; Seasons Coal Co.V. Cleveland (1984), 10 Ohio St.3d 77.
The trial court's finding that defense counsel never promised Defendant that he would get probation is supported by evidence in the form of defense counsel's testimony to that effect. In reaching its conclusion, the trial court noted that it simply found the testimony of defense counsel more credible than that of Defendant and his mother. The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of fact to resolve. State v. DeHass (1967), 10 Ohio St.2d 230.
Defendant's fourth assignment of error is overruled.
FIFTH ASSIGNMENT OF ERROR
 THE COURT SHOULD HAVE VOIDED THE PLEA SINCE IT WAS MADE WITHOUT A COMPLETE KNOWLEDGE OF THE CONSEQUENCES OF HIS ACT IN THAT THE DEFENDANT WAS NOT INFORMED THAT HE COULD BE TREATED AS A SEXUAL PREDATOR WITH RESULTING SEVERE LIMITATIONS ON HIS PRIVACY AND FUTURE CONDUCT.
Defendant complains that when he entered his pleas the trial court failed to inform him that his convictions could be a basis for his classification as a sexual predator, pursuant to R. C. 2950.09. That section became effective on July 1, 1996. Defendant entered his pleas on August 19, 1994, almost two years before. The court was not then required to advise him of an effect of his plea which did not then exist.
This assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, J., and FAIN, J., concur.
Copies mailed to:
John J. Amarante, Esq. James C. Wombold, II Hon. Barbara Pugliese Gorman